IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONTAIE ANDERSON, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 20-CV-4424 |
| : | |
| COMMONWEALTH OF : | |
| PENNSYLVANIA, *et al.*, : | |
|     Defendants. : | |

### MEMORANDUM

**RUFE, J.**                                                                                              **JANUARY 12, 2021**

Plaintiff Dontaie Anderson, a pretrial detainee at Lehigh County Prison, originally filed this civil action pursuant to 42 U.S.C. § 1983 by way of Complaint (ECF No. 2), and subsequently filed an Amended Complaint.[1] (ECF No. 5.) Because Plaintiff seeks relief that is properly asserted in a petition for a writ of habeas corpus, the Court will dismiss Anderson's Amended Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

---

[1] An amended complaint, once submitted to the Court, serves as the governing pleading in the case because an amended complaint supersedes the prior pleading. *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (per curiam) ("Shahid's amended complaint, however, superseded his initial complaint." (citing *W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted); *see also Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (holding that "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings").

[2] Under the circumstances of this case, because the nature of the claim is for habeas corpus relief, and is not properly brought as a civil action under § 1983, in dismissing the case the Court will dismiss as moot the motion for leave to proceed *in forma pauperis*. *See Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019).

1

**I.      FACTUAL ALLEGATIONS**[3]

In his original Complaint, Anderson named as Defendants Judge Douglas Reichley, the Commonwealth of Pennsylvania, and the Lehigh County Court of Common Pleas. (ECF No. 2 at 1.) According to the Complaint, Judge Reichley ordered Anderson held as a pretrial detainee in lieu of $50,000 bail and denied his request for pretrial release through bail modification, habeas corpus and hardship motions. (ECF No. 2 at 4.) Anderson asserted that he suffered from "multiple high risk health conditions of Covid 19." (*Id.*) He sought as relief to be released from custody on his own recognizance. (*Id.*) Anderson made additional allegations concerning the novel corona virus pandemic, declarations of judicial emergencies, and responses by jail officials. (*Id.* at 5-6.) He asserted he suffered from mental health disorders including bipolar disorder, posttraumatic stress disorder, major depression, and anxiety, of which Judge Reichley was aware. (*Id.* at 6.)

Anderson also alleged that Judge Reichley denied him the right to assistance of counsel in his criminal case. (*Id.* at 7.) Judge Reichley dismissed Anderson's *pro se* motion to dismiss the indictment, which Anderson asserted he submitted because his court appointed attorney refused to file it. (*Id.*) He further asserted that the Lehigh County public defender is too overworked to provide him effective assistance of counsel. (*Id.*) Anderson made no specific allegations against the Commonwealth of Pennsylvania and the Lehigh County Court of Common Pleas, other than the actions he ascribed to Judge Reichley.

---

[3] The allegations are taken from Complaint (ECF No. 2) and the Amended Complaint. Although the Amended Complaint is the governing pleading, Anderson clearly intended that the Amended Complaint supplement, rather than replace, his Complaint. Because he is proceeding *pro se*, his pleadings will be construed liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). The Court adopts the pagination supplied by the CM/ECF docketing system.

In his Amended Complaint, Anderson adds as Defendants Ashley R. Stumpp, alleged to be an employee of Lehigh Valley pretrial services, Kyle Russell, Warden of Lehigh County Prison, Janine Donate, Director of Lehigh County Prison, and the City of Allentown. (ECF No. 5 at 1.) According to the Amended Complaint, Anderson, through counsel, twice unsuccessfully sought reduction of bail or release due to the high risk of contracting the novel coronavirus. (*Id.* at 2.) He asserts that his continued incarceration is causing him mental anguish and constitutes cruel and unusual punishment, reckless endangerment and deliberate indifference. (*Id.*) He insists that because he has been deemed bailable, he should be released in light of the global pandemic. (*Id.* at 3.)

Anderson asserts that Defendants Russell and Donate are responsible for procedures at Lehigh County Prison, and therefore liable to him, and that the City of Allentown, as their employer, is similarly liable. (*Id.* at 3.) There are no allegations as to Defendant Stumpp. Anderson seeks immediate release from confinement, compensation for the time he has been confined during the pandemic, and dismissal of the indictment pending against him. (*Id.* at 4.)

A review of publicly available records confirms that Anderson is currently detained as a pretrial detainee at Lehigh County Prison awaiting trial on firearms charges and driving under the influence. *See Commonwealth v. Anderson*, CP-39-CR-0000936-2019 (C.P. Lehigh). While he was granted pretrial release, his bail was revoked and he was reincarcerated in lieu of $50,000 bail on November 25, 2019. Anderson entered a written guilty plea on February 26, 2020. However, he moved to withdraw his plea on June 17, 2020, and the motion was granted on July 13, 2020. Judge Reichley denied a motion to reduce bail on November 24, 2020 and the charges remain pending. The state court docket reflects that Anderson is represented by counsel.

The Court further notes that Anderson's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 was recently denied for failure to exhaust administrative remedies.  *See Anderson v. Court of Common Pleas*, Civ. A. No. 20-4170.

## II.   STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court must dismiss the Amended Complaint if it fails to state a claim, applying the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).   Conclusory allegations do not suffice.  *Id.*  As Anderson is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.   DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988). For the following reasons, Anderson has failed to state a claim.

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Anderson seeks release from pretrial

4

detention. His claim, accordingly, is one seeking habeas corpus relief and cannot be raised as a claim under § 1983.[4]

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Anderson's Amended Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The dismissal is without prejudice to Anderson's ability to seek habeas corpus relief when he has exhausted available state remedies. An appropriate Order follows.

**BY THE COURT:**

**/s/ Cynthia M. Rufe**

**CYNTHIA M. RUFE, J.**

---

[4] Additionally, judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).

Although judicial immunity previously applied only to damages claims, "[i]n 1996, Congress amended 42 U.S.C. § 1983 to provide that 'injunctive relief shall not be granted' in an action brought against 'a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'" *Azubuko v. Royal*, 443 F.3d 302, 303–04 (3d Cir. 2006) (per curiam) (quoting § 1983); *Brandon E. ex rel. Listenbee v. Reynolds*, 201 F.3d 194, 197–98 (3d Cir. 2000) (observing that the 1996 amendment "implicitly recognizes that declaratory relief is available in some circumstances, and then limits the availability of injunctive relief to circumstances in which declaratory relief is unavailable or inadequate"). In the context of judicial defendants, the United States Court of Appeals for the Third Circuit has explained that "a judge who acts as a neutral and impartial arbiter of a statute is not a proper defendant to a Section 1983 suit challenging the constitutionality of the statute." *Allen v. DeBello*, 861 F.3d 433, 440 (3d Cir. 2017). "However, a judge who acts as an enforcer or administrator of a statute can be sued under Section 1983 for declaratory or (if declaratory relief is unavailable) injunctive relief." *Id.*

Judge Reichley is alleged to have acted in his judicial capacity in a case within his jurisdiction as a neutral and impartial arbiter. Accordingly, even if Anderson could state a § 1983 claim, Judge Reichley is absolutely immune from such a claim.