IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONTAIE ANDERSON,    :<br>    Plaintiff,    :<br>    :<br>v.    :<br>    :<br>COMMONWEALTH OF    :<br>PENNSYLVANIA, *et al.*,    :<br>    Defendants.    : | CIVIL ACTION NO. 20-CV-4424 |

MEMORANDUM

**RUFE, J.**                                                                                                                                    **APRIL 5, 2021**

Plaintiff Dontaie Anderson, a pretrial detainee at Lehigh County Prison proceeding *pro se,* commenced this civil action pursuant to 42 U.S.C. § 1983 seeking immediate release from confinement, compensation for the time he had been confined during the global pandemic, and dismissal of the indictment pending against him.  (Amended Complaint, ECF No. 5 at 4.)  This Court dismissed Anderson's Amended Complaint, finding that his claim sought habeas corpus relief and could not be properly raised pursuant to § 1983.  (ECF No. 6 at 4-5.)  Anderson now seeks reconsideration of the Order dismissing his Amended Complaint.  (ECF Nos. 8 and 9.)[1] He advances the following bases for relief:

> 1. Lack of Notice.  Plaintiff never receive notice of filing Amended complaint making all proceedings from such prejudicial.
>
> 2. Plaintiff Amended Complaint was "componsantory action" and his Habeas Corpus was "injunctive action."  Judge dismissal was clear error.
>
> 3. Plaintiff original and Amended Complaint showed a sufficient factual claim against the Commonwealth and should not have been dismiss.

---

[1] These documents are identical.  (*See* ECF Nos. 8 and 9.)

>   4. Plaintiff Amended Complaint showed a sufficient factual claim against Pretrial officer Ashley R. Stumpp and her employer Lehigh Valley Pretrial Services, INC. and complaint should not have been dismiss.
>
>   5. Plaintiff is indigent and should have been granted leave to Proceed In Forma Pauperis.

(ECF No. 8 at 1-2.)

A motion for reconsideration should be granted only where the moving party shows that at least one of the following grounds is present: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *United States ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848–89 (3d Cir. 2014) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). "Because federal courts have a strong interest in finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995). Moreover, "[a] motion for reconsideration is not properly grounded on a request that a court consider repetitive arguments that have been fully examined by the court." *Blue Mountain Mushroom Co. v. Monterey Mushroom, Inc.*, 246 F.Supp.2d 394 398 (E D. Pa. 2002).

Anderson first argues that the Court's resolution of the claims raised in his Amended Complaint was prejudicial because he had no notice of the filing of the Amended Complaint. (ECF No. 8 at 5.) This argument lacks merit, as Anderson himself filed the Amended Complaint and, accordingly, had notice of that filing. Because Anderson has not identified an error of fact or law, new evidence, or a change in the controlling law relevant to this claim, reconsideration based on this argument is not merited.

Anderson's second basis for reconsideration is that his Amended Complaint was a "compensatory action" and his then pending habeas was an "injunctive action," rendering the dismissal of his Amended Complaint in this case error.  (*Id.* at 5.)  To the extent Anderson is arguing that the Court misconstrued the claims in the Amended Complaint as seeking release rather than compensatory damages, as the Court noted in its Memorandum, the compensatory element of relief sought by Anderson was attributable solely to the state court's refusal to release Anderson from custody during the global pandemic.  As such, granting that relief would have constituted "a determination that [Anderson was] entitled to immediate release or a speedier release," a determination only available upon consideration of a petition for writ of habeas corpus.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  As noted in the Court's Memorandum, this claim could not properly be raised under § 1983.  (ECF No. 6 at 5.)  Anderson has not established that the Court committed an error of fact or law in reaching this conclusion, has not identified any new evidence relevant to the Court's conclusion, and has not cited any change in the controlling law that guided the Court's decision.  Therefore, reconsideration is not merited.

Anderson's third basis for reconsideration is that his Amended Complaint included sufficient factual assertions against the Commonwealth, and should not have been dismissed. (ECF No. 8 at 6-7.)  This argument fails to recognize that the Amended Complaint was dismissed because of the nature of the relief sought, not the adequacy of the allegations contained therein.  For that reason, the Court did not address the adequacy of the factual allegations in the Amended Complaint, but only dismissed the claims without prejudice to Anderson's ability to seek habeas corpus relief upon exhaustion of available state court remedies. (ECF No. 6 at 5.)  Anderson has not established that the Court committed an error of fact or law

in reaching this conclusion, has not identified any new evidence relevant to the Court's conclusion, and has not cited any change in the controlling law cited by the Court in reaching its decision.  Reconsideration, accordingly, is not merited.

Anderson's fourth basis for reconsideration is similar to his third – he asserts that the Amended Complaint contained sufficient factual allegations against Defendant Ashley R. Stumpp and her employer, Lehigh Valley Pretrial Services, Inc., and should not have been dismissed.  (ECF No. 8 at 7.)  As already noted, the Court's dismissal of the Amended Complaint was not premised on a finding that the factual allegations contained therein were insufficient.  Because Anderson has not identified an error of fact or law committed by the Court in reaching its decision on this point, has not identified any new evidence, and has not identified a change in the controlling law governing the Court's decision, reconsideration is not merited based on this argument.

Finally, Anderson also argues that he is indigent and, therefore, should have been granted leave to proceed *in forma pauperis*.  (*Id.* at 7.)  The Court did not deny Anderson leave to proceed *in forma pauperis*, but rather dismissed Anderson's request for that status as moot in light of the dismissal of the Amended Complaint.  (ECF No. 6 at 1 n.2.)  Anderson does not identify any error of fact or law committed by the Court in reaching this decision, does not identify any new evidence relevant to this issue, and does not identify any change in the controlling law guiding this decision.  Moreover, Anderson does not describe how the Court's decision in this regard harmed him.  In fact, had the Court granted Anderson's motion for leave to proceed *in forma pauperis*, Anderson would have been required to pay the $350 filing fee in installments pursuant to 28 U.S.C. § 1915(b), notwithstanding the dismissal of his case, and would not be entitled to the return of any payments made toward the fee at any time.  If

Anderson chooses to pursue his claims pursuant to a petition for writ of habeas corpus, the required filing fee will be $5, and Anderson may seek leave to proceed *in forma pauperis* in connection with any such petition.

For the foregoing reasons, Anderson's motion for reconsideration will be denied. An appropriate Order follows.

BY THE COURT:

/s/ Cynthia M. Rufe

**CYNTHIA M. RUFE, J.**